IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALICE ANN BROUMAN, | ) | CASE NO. 5:17 CV 1129 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

Before me[1] is an action by Alice Ann Brouman under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 16. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 6.

[6] ECF # 11.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

For the reasons set forth below, the decision of the Commissioner will be affirmed as supported by substantial evidence.

## Facts

**A.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Brouman, who was 53 years old at the time of the administrative hearing,[11] is a high school graduate with some college.[12] She is married and has three adult children.[13] Her past relevant employment history includes work as a dialysis technician and machine/biomed technician.[14]

The ALJ, whose decision became the final decision of the Commissioner, found that Brouman had the following severe impairments: a right lower extremity fracture;

---

[7] ECF # 14 (Commissioner's brief); ECF # 12 (Brouman's brief).

[8] ECF # 14, Attachment 1 (Commissioner's charts). Brouman did not file the required charts.

[9] ECF # 13 (Brouman's fact sheet).

[10] ECF # 19.

[11] ECF # 13 at 1.

[12] *Id.*

[13] ECF # 10, Transcript ("Tr.") at 108, 224.

[14] *Id.* at 91.

arthropathy; cervical disc herniation; tendinitis of the right rotator cuff; sprain and strain of the shoulder and upper arm; and post laminectomy syndrome.[15]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Brouman's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes, or scaffolds; the claimant can occasionally climb ramps and stairs; she can occasionally stoop, kneel, and crouch; the claimant can never crawl and can frequently balance; the claimant can frequently handle, finger, and feel objects with the right hand; she can frequently reach and occasionally overhead reach with the right upper extremity; . . . the claimant must avoid the use of moving machinery and commercial driving.[16]

Based on that residual functional capacity, the ALJ found Brouman capable of her past relevant work as dialysis technician and, therefore, not under a disability.[17]

## B. Issue on judicial review

Brouman asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Brouman presents the following issue for judicial review:

- Whether the Appeals Council erred by finding that the opinion of plaintiff's treating physician was about "a later time" and therefore did not consider whether it was "new and material evidence."[18]

---

[15] *Id*. at 86.

[16] *Id.* at 87.

[17] *Id.* at 91-92.

[18] ECF # 12 at 1.

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[20]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

*2. Appeals Council*

While new material evidence may be submitted to the Appeals Council, on appeal the Court reviews the ALJ's decision, not the Appeals Council's denial of review.[22]  When the Appeals Council considers new evidence but denies review, the Court "cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision."[23]  The Court may, however, remand the case to the agency for consideration of new evidence under sentence six of 42 U.S.C. 405(g), as appropriate.[24]

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

[23] *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993)).  *See also Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("[T]his court has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review.") (citing *Cline*, 96 F.3d at 148).

[24] *See Cline*, 96 F.3d at 148.

### 3. *Sentence six remand*

Sentence six of 42 U.S.C. § 405(g) permits a court to order a case remanded for consideration of additional evidence under certain circumstances. The Sixth Circuit has interpreted this statute as creating the following requirements for a remand to consider new evidence: that the evidence be "new"– that is, "not in existence or available to the claimant at the time of the administrative proceeding"; that the evidence be "material," which requires showing a "reasonable probability" that the Commissioner would have reached a different disposition of the claim if presented with the new evidence; and that "good cause" exists for not producing the evidence in a prior proceeding, which requires showing "a reasonable justification for the failure to acquire and present the evidence of inclusion in the hearing before the ALJ."[25]

The Sixth Circuit "has taken a harder line on the good cause test."[26] "This requires more than just showing evidence did not exist at the time of the ALJ's decision, but rather a Plaintiff must 'give a valid reason for his failure to obtain evidence prior to the hearing.'"[27]

---

[25] *Foster*, 279 F.3d at 357 (citations and internal quotations omitted).

[26] *Oliver v. Sec'y of Heath & Human Servs.*, 804 F.2 964, 966 (6th Cir. 1986) (finding failure to satisfy good cause requirement where additional medical records were prepared after final decision and could not have been presented at hearing).

[27] *Issac v. Comm'r of Soc. Sec.*, No. 1:16 CV 1345, 2017 WL 3705902, at *10 (N.D. Ohio Aug. 28, 2017) (citing and quoting *Oliver*, 804 F.2d at 966)).

**B.     Application of standards**

This appeal focuses on the narrow issue of whether the Appeals Council committed reversible error by failing to remand for consideration of a treating source opinion written before the ALJ's decision but not placed into the record until after the request for review by the Appeals Council.

The pertinent sequence of events follows:

- The ALJ issued his decision on March 14, 2016. The ALJ discussed the pre-decision treatment notes and statement of treating source John Sassano, D.O. The ALJ refused to give Dr. Sassano's statement controlling weight, but he gave it some weight.[28]

- Dr. Sassano last examined Brouman on March 8, 2016. He prepared a RFC opinion post-decision on April 6, 2016.[29] The specific limitations opined, if given controlling weight, would have supported a sedentary RFC. Brouman would grid out at sedentary.

- Counsel submitted Dr. Sassano's April 6, 2016 opinion with the brief to the Appeals Council on May 9, 2016.

- The Appeals Council denied review on April 11, 2017,[30] making the ALJ's decision the final decision of the Commissioner.[31] The Appeals Counsel stated in its denial that it had considered Dr. Sassano's April 6, 2016 opinion, as well as Dr. Sassano's post-decision treatment notes, but found this information to be "about a later time" and therefore did not affect the ALJ's March 14, 2016 decision.[32]

---

[28] Tr. at 91.

[29] *Id.* at 98-100.

[30] *Id.* at 1.

[31] *See Cotton*, 2 F.3d at 696.

[32] Tr. at 1.

- In Brouman's brief for judicial review, counsel made no attempt to address the standard of review under sentence six of 42 U.S.C. § 405(g).

Brouman's sole challenge on appeal is that the *Appeals Council* erred in finding that Dr. Sassano's April 4, 2016 opinion concerned a later time and in failing to consider whether it was new and material evidence.[33] As discussed above, the Court does not examine the Appeals Council's denial of review for error – only the ALJ's decision is before the Court for substantial evidence review.[34] And it is well-settled that the Court cannot consider post-decision evidence presented to the Appeals Council for purposes of substantial evidence review.[35] The Court may remand this case to the agency for consideration of the new evidence, but only where the requirements of sentence six are met.[36]

Regarding sentence six, even assuming this evidence is new and material,[37] Brouman fails to show good cause for not submitting this evidence to the ALJ. Brouman's brief contains a single sentence regarding good cause: "Notably, [the Appeals Council] did not find a lack of good cause for their submission.[]"[38] In a footnote, counsel speculates: "Most

---

[33] ECF # 12 at 1.

[34] *Casey*, 987 F.2d at 1233.

[35] *Foster*, 279 F.3d at 357.

[36] *Cline*, 96 F.3d at 148.

[37] Although the Commissioner disputed that the evidence was new and material in her brief, during oral argument counsel for the Commissioner agreed that the issue here is whether good cause exists for Brouman not providing the evidence to the ALJ.

[38] ECF # 12 at 18.

likely this is because the hearing level representative (the undersigned did not represent her during the administrative proceedings in this case) and the ALJ discussed the fact that she was having difficulty obtaining some of plaintiff's records at the outset of the hearing."[39] Brouman fails to recognize, however, "that the Appeals Council is not required to find good cause in order to consider new evidence."[40] But this Court is, and good cause has not been shown; therefore, remand under sentence six is inappropriate. The decision of the ALJ must be affirmed.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Brouman had no disability. Accordingly, the decision of the Commissioner denying Brouman disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated: July 31, 2018         s/ William H. Baughman, Jr.
                             United States Magistrate Judge

---

[39] *Id.* at n.2 (citations omitted).

[40] *Cline*, 96 F.3d at 149.